### JACOBS v. VAN SICKEL et al.

(Circuit Court, D. New Jersey. May 15, 1903.)

1. BANKRUPTCY—FRAUDULENT CONVEYANCE BY BANKRUPT—CONSIDERATION—SUFFICIENCY OF EVIDENCE.

In a suit by a bankruptcy trustee to avoid as fraudulent the bankrupt's deed, operating as a mortgage, to his father-in-law, both the grantor and the grantee answered under oath, and testified that the conveyance was to secure a bona fide indebtedness representing advances to the bankrupt from time to time. A canceled note representing the indebtedness at its date was introduced. The grantee was in receipt of a salary varying from $2,500 to $4,000, and was engaged in outside ventures. His bank account showed that during 12 years his deposits had amounted to $47,000. *Held*, that the conveyance was not fraudulent.

2. SAME—PREFERENCE—BANKRUPT'S INTENT—CREDITOR'S BELIEF.

The highest court of New Jersey, where a bankrupt's grantee resided, decided that one employed as an agent on a percentage of profits is not a partner. The bankruptcy court for the Southern District of New York held that such an agent was a partner, and he was included, despite his contest, in an adjudication of bankruptcy of the firm. Within four months of this adjudication he had made the conveyance in suit. *Held*, that the conveyance could not be avoided under Bankr. Act 1898, § 60, Act July 1, 1898, 30 Stat. 562, c. 541 [U. S. Comp. St. 1901, p. 3445], providing that if a bankrupt shall have given a preference within four months, and the creditor shall have had reasonable cause to believe that it was intended thereby to give a preference, it shall be voidable by the trustee; the grantee being assumed to know that, even if the bankrupt were a partner, his individual estate would be primarily liable for his individual debts.

Moses Weinman, for complainant.
Frank Bergen, for defendants.

KIRKPATRICK, District Judge. The complainant in this case is the trustee in bankruptcy of the defendant John K. Van Sickel, and files his bill to declare the transfer and conveyance of certain real estate made by John K. Van Sickel and wife to George H. Kline fraudulent and void, and asking that said Kline be directed and decreed to reconvey and transfer said real estate to the plaintiff as trustee in bankruptcy of said John K. Van Sickel, bankrupt, and be further directed to execute and deliver a discharge of said instrument

appearing on its face to be a deed, but which is in reality a mortgage. The bill neither demands nor waives an answer under oath, and the defendants answering under oath, as they had a right under the circumstances to do (Conley v. Nailor, 118 U. S. 127, 6 Sup. Ct. 1001, 30 L. Ed. 112), deny all the allegations of fraud set out in the bill, and say that, at the time of the execution of the deed from Van Sickel and wife to Kline, Van Sickel was indebted to Kline in the sum of $17,517.22, and that the conveyance was made to secure the amount of said indebtedness and interest. This verified answer is evidence on behalf of the defendants, and, standing alone, would justify a decree in their favor. Its force must be overcome by proof adduced by the complainant. The witnesses called by the complainant were Van Sickel and Kline, the defendants, and Newcomb, a clerk in the bank in which Kline kept his account for 12 or 14 years. It appears from the testimony that Kline is the father-in-law of Van Sickel, and that as early as 1888 he loaned Van Sickel money, at that time as much as $1,000, and afterwards at sundry times sums of $500. Memoranda were kept by both parties of these advances, and from time to time new notes were given, and the old ones destroyed. On the 1st day of August, 1897, a note was given by Van Sickel to Kline for $12,310, which both parties swear represented the indebtedness at that time. This note had been canceled April 10, 1900, by tearing off the signature of Van Sickel. It was produced at the hearing. It was testified to by Newcomb, a teller of the bank, that the canceled note was of a kind used by their bank at the time it purported to bear date, and there was no evidence adduced tending to show that it was not genuine or made at the time it bears date.

The evidence tends to show that advances were subsequently made by Kline, so that the total amount due November 7, 1900, from Van Sickel to Kline, was the amount stated. While the defendants Van Sickel and Kline both swear to the correctness of the account, there is no evidence produced to the contrary, and the court is asked to find that the transaction is fraudulent because it was not conducted in a business way, and on the suggestion that the defendant Kline was not in a financial condition to make the advances. It will be seen that the advances are said to have been made in small amounts, and covered a long period of time, during which Kline was in the receipt of a salary varying from $2,500 to $4,000 a year, besides engaged in buying and selling real estate and interested in outside ventures. His bank account was produced, and, while he swears that it does not represent all his cash receipts or payments during the period, it shows that from 1888 to 1900 his deposits amounted to over $47,000.

There is nothing in the evidence which justifies the court in finding that the transaction was fraudulent. "Fraud is not to be lightly imputed. The law never presumes it. It devolves on him who alleges fraud to show the same by satisfactory proof." Jones v. Simpson, 116 U. S. 609, 6 Sup. Ct. 538, 29 L. Ed. 742.

It appears from the record that on the 7th day of November, 1900, the firm of Grant Bros., of which John K. Van Sickel was held to be a member, was adjudged to be bankrupt in the Southern District of New York. Van Sickel resisted this adjudication upon the ground

that he was not a member of the firm, but inasmuch as under his agreement with the firm he was to receive as compensation for his services not only a fixed amount of salary, but a percentage of the profits of the business, the court adjudged him a partner, and as such held him liable for the debts of the concern. It is insisted that, this adjudication of bankruptcy having been made within four months after the conveyance to Kline, under section 60 of the bankrupt act of 1898, Act July 1, 1898, 30 Stat. 562, c. 541 [U. S. Comp. St. 1901, p. 3445], the conveyance is voidable by the trustee. This section provides:

"If a bankrupt shall have given a preference within four months * * * and the person receiving it or to be benefited thereby * * * shall have had reasonable cause to believe that it was intended thereby to give a preference, it shall be voidable by the trustee and he may recover the property or its value from such person."

This section of the bankruptcy act came before the Supreme Court of the United States for interpretation in the case of Pirie v. Chicago Title & Trust Company, 182 U. S. 438, 21 Sup. Ct. 906, 45 L. Ed. 1171, and it was there held that where "a person receiving such preference did not have cause to believe that it was intended he may keep the property transferred." There is nothing in the testimony tending to show that Kline had any reason to believe that Van Sickel was bankrupt when the conveyance was made.

It may be remarked here that Van Sickel swears that he did not consider himself a member of the firm of Grant Bros., and, while he is bound as such by the decree entered against him in the Southern District of New York, yet Kline, who was a resident of New Jersey, had a right, if he knew of the agreement with Grant Bros., to rely upon the decision of the highest court of New Jersey in which he lives, which held in Wild v. Davenport, 19 Vroom, 129, 7 Atl. 295, 57 Am. Rep. 552, that "a contract for the employment of agents or servants for a portion of the profits of a business as salary or wages for services does not make such persons partners, or liable as partners, for debts contracted in the business." Then, too, Kline may be assumed to know that in any bankruptcy proceedings, even if Van Sickel were a partner in Grant Bros., in the administration of the estates of the partnership and of the partners in bankruptcy the individual estate of each partner was primarily liable for the payment in full of his individual debts.

I am of the opinion that the complainant is not entitled to the relief prayed for in his bill, and that the bill should be dismissed.